EXHIBIT

A

**⚖ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA
**SUCV2024001569**
HV
MAY 28, 2024 12:46 PM

*Sabrina Hill, Clerk*
*Henry County, Georgia*

Superior Court of Henry County
State of Georgia

| | | |
|---|---|---|
| John Dewberry, | ) | Case No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| City of Locust Grove , Officer J. Whitt, | ) | |
| and, Sgt. E. Honea, | ) | |
| | ) | |
| Defendants. | ) | |

Complaint for Damages

Parties, Jurisdiction, and Venue

1.

Plaintiff John Dewberry ("Dewberry") is a resident of Henry County, Georgia

2.

Defendant City of Locust Grove is a Georgia municipality, which may be served with process upon Mayor Pro Temp Vincent Williams of Locust Grove at City Hall, 3644 Hwy 42, Locust Grove, GA 30248.

3.

Officer J. Whitt, may be served with process at his place of employment, at the Locust Grove Police Department, 3644 Hwy 42, Locust Grove, GA 30248.

4.

Sergeant E. Honea may be served with process at his place of employment, at the Locust Grove Police Department, 3644 Hwy 42, Locust Grove, GA 30248.

5.

A copy of the complaint showing the date of the filing, will be mailed to Attorney

General Christopher Carr at 40 Capital Square, SW, Atlanta, GA 30334 via certified mail,

return receipt requested.

6.

Plaintiff's injuries occurred in Henry County. Venue is proper in this Court pursuant

to O.C.G.A. § 50-21-28.

Notice of State Law Claim

7.

Plaintiff timely presented a Notice of Claim against Locust Grove on August 28, 2023

pursuant to O.C.G.A. § 36-33-5.

8.

A copy of the Notice is attached hereto as Exhibit "A".[1]

9.

Total demand made in this matter was for $700,000.00.

Factual Background

10.

John Dewberry is the owner and operator of Shorty's BBQ and More, LLC ("Shorty's"),

which is located at 3904 Ga Hwy-23/42, Locust Grove, Georgia.

---

[1] On November 2, 2021 Plaintiff through counsel placed Locust Grove on notice of the ongoing harassment Plaintiff was sustaining. A copy of this letter is attached as Exhibit "B".

11.

Plaintiff's problems with Locust Grove started in 2017 when Locust Grove Main Street director Anna Williams refused to allow Mr. Dewberry to finalize or approve the process of opening Shorty's BBQ and More without her coming inside and approving the setup. Mr. Dewberry explained to her that the outside of the building was the only thing that Main Street had any authority over in reference to the project.

12.

Mr. Dewberry then received an email from the Henry County fire department for an inspection before the project could move forward. (A copy of this email is attached hereto as Exhibit "C".

13.

Mr. Dewberry had already received a CO from the city of Locust Grove and the Henry County Fire Department on the same building and location in 2015. The building outside had no modifications. The fire Marshal that did the inspection on the building for the business. Attached as Exhibit "D" is a copy of the approved certificate of occupancy.

14.

In 2018 Mr. Dewberry met with Bert Foster a City of Locust Grove Employee to talk and inspect the siding. During the conversation Mr. Dewberry and Mr. Foster spoke about signage and temporary signage.

15.

On March 19, 2019 Mr. Dewberry had to resubmit the drawing for the enclosed awing on the rear of his property due to the city of Locust Grove Mainstreet Director and The Henry County Fire Marshal saying they never saw the plans for the awning. The awning was approved by Locust Grove Mainstreet and the city of Locust Grove in 2017. See Exhibit "F".

16.

Later, Mr. Dewberry spoke with Mr. Bert Foster an employee of the City of Locust Grove about repairing broken cement in the parking area of property. Mr. Foster and Mr. Dewberry reviewed the area and Mr. Foster determined no permit was needed. The area in question was well under the square footage for repair by Mr. Dewberry. Mr. Dewberry had gained approval from the city of Locust Grove in October 2020 to repair the area in question. Then Mr. Fornal, a Locust Grove employee stopped the work causing unnecessary delays. See Exhibit "G".

17.

Plaintiff went to city hall to obtain a permit and was advised by Assistant City Manager, Bert Foster, that no permits were needed to do repairs to his parking lot.

18.

Undeterred, Mr. Fornal of Locust Grove returned to Shorty's and threatened Plaintiff with another citation for not obtaining a permit for the repairs. Mr. Fornal said his direct supervisor Mr. Gibbs had the final say regarding permits, not Mr. Foster. His new allegation was that the repairs were a violation of code 14.03.020, the Locust Grove Historic District. Again, however, repairs to a parking lot does not require a permit.

19.

Also, during this time-period Locust Grove placed a green utility box on Mr. Dewberry's property. A photograph of this utility box is attached hereto as Exhibit "H". This was placed on Plaintiff's property without permission.

20.

After Plaintiff repaired his parking lot he has received citations for temporary signs advising that Shorty's is open on weekends. Mr. Fornal an employee of the City of Locust Grove threatened to arrest and used racist language to Mr. Dewberry during an in-person conversation and Mr. Furnal later called and threatened Mr. Dewberry again via voicemail and verbally over the phone. Mr. Fornal then called Mr. Dewberry twice to inform him that he was a Mandated Police officer and threatened to have a bench warrant taken for his arrest for not giving him his drivers licenses.

21.

Locust Grove is allowed to regulate commercial speech through the municipal code, but such power cannot be used against unfavored property owners and not against favored property owners. Plaintiff has been advised that his small "we are open" sign is in violation of the temporary sign requirements.

22.

An open record's request on May 15, 2023, showed that during the time period Plaintiff had the small open sign only one business had made an application for a temporary sign. However, as can be seen Locust Grove is filled with temporary commercial signs. A copy of a large sample of such temporary signs is attached hereto as Exhibit "I".

23.

Locust Grove again harassed Mr. Dewberry on April 25, 2022 and cost him money and delay by making his construction team stop work or be arrested by Mr. Fornal. Mr. Fornal stopped the work and took photos to validate his authority. Mr. Gibbs another employee of Locust Grove even contacted the GDOT to inform them that Mr. Dewberry was working in the right a way without permission and needed to send someone to find him. See Exhibit "J". Again, this was for repairs to a parking lot that does not require any permitting.

24.

Mr. Dewberry had already been approved by the GDOT on February 10, 2022, by GDOT Inspector Christine Batten. Department permit number FEB22-02. See Exhibit "K".

25.

On January 23, 2023, Plaintiff was at one of his residential property addresses of 3904 Highway 23/42, Locust Grove, with a Mr. Brownlee working on cleaning up after a tornado uprooted several trees on the property.

26.

While cleaning his property an individual named Mr. Morales entered Mr. Dewberry's property. When Plaintiff told Mr. Morales to leave his property Mr. Morales spit in Mr. Dewberry in the face. Mr. Dewberry then pushed Mr. Morales away, defending himself from this assault and battery. After this, Mr. Morales began slapping himself in his own face.

27.

Officers Whitt and Sergeant Honea came to Plaintiff's property and arrested Mr. Dewberry without investigating the incident. The Officers refused to hear Mr. Dewberry's

side of the story. Once Mr. Dewberry was placed in police vehicle, he explained again to the officer that he did not slap the guy and office said yes you did I saw your handprint on his face. Mr. Morales was a trespasser on Mr. Dewberry's property and had no right to be there. The Officers placed Mr. Dewberry in significant danger as Mr. Dewberry is a Henry County Police Chaplain that doe ride a longs and is seen by offenders as the police and was placed in general population with inmates that identified him as a undercover officer while locked up. Locust Grove Police knew this about Mr. Dewberry.

28.

Shortly thereafter the charges were dropped.

29.

Plaintiff is a pastor and owns a business in Locust Grove. This arrest was done to embarrass Mr. Dewberry and ruin his reputation within the community. Mr. Dewberry serves on several boards within the community and is active in partnerships with the local school system.

Count I
Taking of Real Property
Georgia Constitution, Article 1, § 3, ¶ 1

30.

Plaintiff restates and re-alleges paragraphs 1-29 as if fully restated herein.

31.

"Private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Georgia Constitution, Article 1, § ¶ 1.

32.

The installation of a utility box upon Plaintiff's property by the city of Locust Grove is a taking under the Georgia Constitution.

33.

Plaintiff is entitled to a judgment against Locust Grove in the amount of value of the property so taken.

Count II
Taking of Real Property
28 U.S.C. § 1983

34.

Plaintiff restates and re-alleges paragraphs 1-33 as if fully restated herein.

35.

Defendant Locust Grove's installation of a utility box upon Plaintiff's property is a violation of the Fifth Amendment to the United States Constitution.

36.

Pursuant to Knick v. Township of Scott, United States Supreme Court (2019) 17-647 Plaintiff may bring a case for taking against Locust Grove pursuant to 28 U.S.C. § 1983.

37.

Plaintiff is entitled to a judgment against Defendant Locust Grove in the amount of value of the property so taken.

Count III
Restriction on Freedom of Speech
Georgia Constitution, Article 1, § 1, ¶ 5

38.

Plaintiff restates and re-alleges paragraphs 1-37 as if fully restated herein.

39.

"Content-based regulations are those that suppress, disadvantage, or impose different burdens upon speech based upon its content. Turner Broadcasting System, Inc. v. Fed. Communications Comm'n, 512 U.S. 622, 642 (1994).

40.

Plaintiff is being unduly disadvantaged as to other business owners in Locust Grove for being the only business to be given a citation for having a temporary sign whereas many businesses in Locust Grove are allowed to display temporary signs on their property.

41.

Defendant has been arbitrarily enforcing the temporary sign ordinance against Plaintiff.

42.

Defendant Locust Grove may not, by virtue of enforcement practices only enforce the temporary sign ordinance against Plaintiff. This is a violation of the right to free speech. Kennedy v. Avondale Estates, 414 F.Supp. 2d 1184 (N.D. Ga. 2005).

43.

Plaintiff is entitled to a judgment against Defendant Locust Grove for this constitutional violation.

Count V
Wrongful Arrest
28 U.S.C. § 1983

50.

Plaintiff restates and re-alleges paragraphs 1-49 as if fully restated herein.

51.

Defendants Whitt and Honea unlawfully seized Plaintiff in violation of the 4th Amendment to the United States Constitution.

52.

The arrest was made without probable cause. With intentions to destroy Mr. Dewberry's reputation and his business.

53.

As a proximate result of this unlawful arrest Plaintiff has sustained significant damages to his reputation in his community.

54.

Plaintiff is entitled to a judgment against Defendants Whitt and Honea for this wrongful arrest.

WHEREFORE Plaintiff requests

a.  A judgment against Defendant Locust Grove for the taking of his real property with the installation of the utility box in violation of the Georgia and United States Constitution;

b.  A judgment against Defendant Locust Grove for violating his rights to free speech in violation of the Georgia and United States Constitution;

c. A judgment against Defendants Whitt and Honea and city of Locust Grove for wrongful arrest in violation of the 4th Amendment to the United States Constitution.

This ___26___ day of ___May___, 2024.

Carlton Law, LLC

_Matthew W. Carlton_
Matthew W. Carlton
Ga. Bar No. 110389

125 Clairemont Ave. Suite 470
Decatur, GA 30030
404-458-4084
mcarlton@carlton-law.com

# CARLTON LAW LLC

### MATTHEW CARLTON
#### ATTORNEY AT LAW
WWW.CARLTON-LAW.COM
MCARLTON@CARLTON-LAW.COM

Via Certified Mail

August 28, 2023

Mayor and City Council
City of Locust Grove
3644 Ga 42
Locust Grove, Georgia 30248

Care of City Clerk

RE:        John Dewberry
           28 U.S.C. § 1983

Dear Mr. Welch:

As you know, I represent John Dewberry Jr.  and Shorty's BBQ and More, LLC. He has personally sustained Constitutional damages. Further his business, Shorty's BBQ and More, LLC ("Shorty's") has sustained further damage because of conduct on the part of the municipality of Locust Grove, Georgia.

John Dewberry has been given citations for signs placed temporary on his property to advise that his business was opened on weekends.  While Locust Grove is certainly allowed to regulate commercial speech in its community, it cannot be used to favor certain commercial viewpoints over others.

Pursuant to the 14th Amendment to the United States Constitution, the First Amendment governs Locust Grove and its signage laws and regulations.  Because Locust Grove has not remained viewpoint neutral in applying the city code's sign regulations Mr. Dewberry's Constitutional rights have been violated and he is entitled to a recovery against Locust Grove pursuant to 28 U.S.C. § 1983. Please see photographs of other temporary signs in Locust Grove.

Mr. Dewberry made an open records request on May 15, 2023 for the time period of January 24, 2021 through May 15, 2023 for permanent and temporary signage applications in the City of Locust Grove and learned that only one business entity in Locust Grove-located at 461 Tanger Boulevard- had requested or obtained a permit for temporary signs. We can show evidence of several businesses in Locust Grove violating the temporary and permanent sign ordinances  of Locust Grove. We also have significant evidence demonstrating that white owned businesses are shown favor over black owned businesses in Locust Grove in reference to the sign ordinance. This was discovered during open records request where white owned businesses have permanent signs without any application ever being made.

125 CLAIREMONT AVENUE
SUITE 470
DECATUR, GA  30030



OFFICE (404) 458-4084
CELL (678) 596-6069
FAX (678) 909-4227

As the enclosed photographs evidence, Locust Grove, in only enforcing the temporary signs city requirements against Mr. Dewberry's black owned business which is a violation of the due process and the 14th Amendment to the United States Constitution as well as Locust Grove engaging in unconstitutional viewpoint regulation. Mr. Dewberry was contacted by Daunte Gibbs, Community Development Director on or around March 5, 2021 that Officer Formal with Code Enforcement would arrest Mr. Dewberry if all temporary signs were not removed.. Mr. Dewberry's business has lost customers by not being allowed to advertise like every white owned business on Georgia 42, in the amount of $200,000. .

Alas, this is not the only Constitutional violation sustained by John Dewberry by Locust Grove. The City of Locust Grove installed some form of public utility box on his property. This was done by Locust Grove without permission in 2017. Pursuant to the 14th Amendment to the United States Constitution Locust Grove is governed by the Fifth Amendment, which provides that no private property shall be taken for public use without just compensation. Similarly situated property owners could expect to rent the space taken up by the installation for commercial signs would be approximately $2000.00 per month, or for the period of time that the property was taken without permission Mr. Dewberry could have expected to make $72,000.00 in revenue. Mr. Dewberry has requested from Locust Grove Community Development Director Daunte Gibbs for assistance in providing the name of the entity the city gave the right to dig on his property. The only information given was to call Georgia Power.

Mr. Dewberry has not found out who gave the permission, nor has he been given any reasonable information to bring a remedy to the company's possession of his property. We have had a licensed surveyor identify the location of pins and found that the utility box is on Mr. Dewberry's property. We seek damages for this and seek permits and owners of the utility box on the property. Please see photos of the utility box and survey.

Finally, and most seriously, Mr. Dewberry was wrongfully arrested by Locust Grove Police Officer J. Whitt, badge number 1534 and Sgt. Honea, badge number 1508 on January 23, 2023. Mr. Dewberry was on his property working with Mr. Brownlee after a tornado had uprooted several trees on his property-3904 highway 23/42 South Locust Grove. Mr. Dewberry was on his property when a trespassing individual came up to his property. That person was a Mr. Morales who had no legal basis to be on Mr. Dewberry's property, he neither owned the property or leased the property.

Mr. Morales spit in Mr. Dewberry's face and as a result Mr. Dewberry pushed him away. The Locust Grove police department decided that based on this to arrest Mr. Dewberry-who was obviously defending himself on his own property. After Mr. Dewberry pushed him, the trespassing Mr. Morales began slapping himself in his face. The police without investigating the situation declared that Mr. Dewberry slapped Mr. Morales in the face. Even had Mr. Dewberry slapped Mr. Morales-which he did not do-he would be privileged to do so against a person entering his property and spitting on him as spitting is at a minimum simple battery.

Mr. Dewberry is a pastor and business owner in Locust Grove. This arrest was done to embarrass Mr. Dewberry. We will seek an amount of $500,000.00 as it pertains to the wrongful arrest.

In total we demand:

$772,000.00

I look forward to discussing this with you.


Carlton Law, LLC

Matthew W. Carlton

















































Sent from my iPhone



Brian Douglas, GA PLS #3373
315 Burke Circle
McDonough, GA 30253
678.641.7633
Brian.douglas1212@gmail.com

July 13, 2023

Pastor John Dewberry
ceoministry@charter.net

Re: Retracement Survey/Mark Property Lines

Pastor Dewberry:

On Thursday, June 22, 2023, we surveyed your property at 3904 Highway 42, Locust Grove, Georgia 30248, also being described as "Lots 10, 11, 12, 13 and 14 in Block B of the subdivision of the W.D. Grant Property". The parcel geometry is described in Deed Book 276, Page 180 of the Henry County Superior Court Clerk Records. In the course of the field survey, property corner monuments were recovered and measured, and the surrounding roadways were measured to establish the geometry of the city block. The measurements on site were found to comply with the geometry described in said deed and were marked as shown on the attached sketch. The property line adjacent to Cleveland Street was noted to have utility boxes installed on your property at the time of the field survey.

Sincerely,

*Brian Douglas*

Brian Douglas, GA PLS #3373





# MORGAN LAW GROUP
### — BUSINESS ATTORNEYS —

November 2, 2021

Mayor Robert Price
City of Locust Grove
Locust Grove City Hall
3644 Hwy 42
Locust Grove, GA 30248

Dear Mayor Price:

This letter is being directed to your attention on behalf of my client Mr. John Dewberry, the owner of Shorty's BBQ and More, LLC which operates a restaurant business under the name Short's BBQ located at 3904 GA-HWY 42 within the City of Locust Grove (the "Business"). Our office has been retained by Mr. Dewberry to seek redress for the financial harm that has been, and continues to be, caused to his business by the targeted abusive, arbitrary and capricious application of discretionary authority by staff members of the City of Locust Grove Community Development Department.

Please be advised that this letter shall constitute, for all intents and purposes, my client's notice of claim and written demand pursuant to O.C.G.A. § 36-33-5.

It has become evident from our review of prior conduct by the staff of the City of Locust Grove Community Development Department, that Mr. Dewberry's business has been unfairly targeted on multiple occasions for the arbitrary enforcement of ordinances, some of which were either non-existent or not being enforced against other business owners within the city limits. These actions amount to harassment of my client by the city and its staff members, with the clear intention of making it financially difficult for Mr. Dewberry to conduct his business within the city limits.

I am attaching as Exhibit A to this letter, a summary in chronological order of the many instances of harassment that Mr. Dewberry has endured over the past several years by the City of Locust Grove and various staff members of the Community Development Department. In addition to the incidents of harassment and disparate treatment listed on Exhibit A, this letter highlights the incidents that are most current and remain of ongoing concern.

On February 23, 2021, Mr. Robin Faulkner, who is identified on the City's website as the Building Permit Clerk III in the Community Development Department, issued a warning notice to my client to cease all concrete work being done to repair the parking lot of the Business until my client obtained a permit. This prompted my client to go to the city to obtain permits for the

1755 North Brown Road, Suite #200, Lawrenceville, GA 30043 | Phone: (678) 597-8755 | Fax: (855) 549-5517



EXHIBIT "B"

work, whereupon he was informed by the Assistant City Manager, Bert Foster, that no permits were needed. However, the stoppage of work caused by Mr. Faulkner's arbitrary abuse of discretionary authority cost my client $250.00.

On March 5, 2021, Mr. Faulkner again threatened to cite my client for failure to obtain a permit for construction work. Mr. Faulkner claimed that the City Assistant Manager and Mayor instructed him to give a citation because the construction work was in violation of code 14.03.020 of the Historic District of Locust Grove. However, after having reviewed the code in reference, it became evident that the work, which entailed parking lot repairs, did not constitute a material change in appearance to the building that warranted the issuance of a Certificate of Appropriateness. Although my client was permitted to proceed with the work, once again (twice in less than a month) my client had been targeted by a staff member of the Community Development Department who exercised his authority in an arbitrary and capricious manner to the detriment of my client.

It is also important to note that during the March 5, 2021 interaction between my client and Mr. Faulkner, Mr. Faulkner threatened to personally arrest my client for failure to present his identification and accept the baseless citation. These threats of arrest clearly exceeded Mr. Faulkner's authority and scope of employment as a code enforcement officer, but also clearly showed the magnitude of the extent to which this employee sought to assert illegitimate authority over my client and his business. This total abuse of authority and apparent effort to exercise non-existent policing authority is captured on audio recordings on my client's phone.

My client's business is only open on weekends. Therefore, on weekends my client would place a sign board on the property notifying the community that the restaurant was open for business. On March 10, 2021, my client was informed by Daunté Gibbs, Community Development Director, that my client would have to obtain a temporary sign permit in order to place the sign board down on the property. He was further informed that the temporary sign can only be issued once per calendar year and must be removed after 90 calendar days. My client protested and noted that many businesses along HWY 42 had signs similar to his that had been on properties for well in excess of 90 days. To this Mr. Gibbs retorted that the fact that there may be others with similar signs on their property was not my client's concern.

This prompted my client to do an open records request to see if any of these other businesses had obtained temporary sign permits. The open records request received by my client showed that with the exception of one franchise, which obtained signage permits during construction, no other businesses had secured temporary sign permits. This targeted arbitrary, capricious and abusive application of discretionary authority by a staff member of the City of Locust Grove Community Development Department is preventing my client from advertising the Business in the same manner as other similarly situated business. This is an ongoing abusive and arbitrary application of that law that is potentially costing my client $6,500 per month in lost revenue.

If there was only one instance of the City of Locust Grove Community Development Department staff contacting my client to enforce a regulation in a way that is either wrong or

contrary to observed practice, one might say that was an inadvertent error by a staff member. After all, people make mistakes. However, the history of interactions this year alone between the City of Locust Grove Community Development Department staff and my client demonstrate a pattern of activities that appear to be targeted, potentially discriminatory, and designed to disrupt and/or sabotage my client's business activities.

Notice is hereby given that my client is seeking damages in the amount of $39,000.00, specifically for the loss of revenue attributable to the targeted arbitrary and abusive application of the temporary sign permit requirement, together with attorney's fees in the amount of $1,500.00.

Pursuant to applicable law, this letter shall also serve as an offer in compromise provided that the amounts demanded are paid and that the City of Locust Grove Community Development Department staff cease its targeted arbitrary and abusive application of the temporary sign permit requirement and all other laws that may be applicable to my client's conduct of his business.

Your prompt attention to this matter is requested.

Respectfully yours,

THE MORGAN LAW GROUP, PC

Andy Morgan, Esq.


cc: Mr. John Dewberry

1755 North Brown Road, Suite #200, Lawrenceville, GA 30043 | Phone: (678) 597-8755 | Fax: (855) 549-5517

EXHIBIT A

## Additional Incidents of Harassment

- In March 2020, Henry County Fire Department notified Mr. Dewberry that they were going to prevent him from having the Grand Opening for the business due to The City of Locust Grove Main Street Director saying Mr. Dewberry didn't have permission to have a storage building addition that had been on the building for over 40 years.  Mr. Dewberry had previously confirmed with Main Street Director Ms. Rich that simply removing the decayed wood from the structure and replacing it with like manner wood was not a problem and should not give rise to any code issues.  Mr. Dewberry contacted the City of Locust Grove to determine the reason for the Fire Department Notice, but no-one knew anything in reference to the situation until it was traced to Main Street Manager / Director Anna Ogg.  This was one of many attempts by the City Of Locust Grove and Main Street to shut Mr. Dewberry's business down.

- On March 5, 2021 Mr. Faulkner (a staff member of the Community Development Department) used racial remarks to Mr. Dewberry.  This occurred during a telephone conversation, after Mr. Dewberry returned Mr. Faulkner's phone recorded message in which Mr. Faulkner improperly threatened to have Mr. Dewberry arrested for spurious code violations.  Mr. Faulkner incorrectly told Mr. Dewberry that his business was not in compliance.  Mr. Dewberry in turn explained to Mr. Faulkner that he had all the documentation in order for his business.  In turn Mr. Faulkner told Mr. Dewberry, "next you will say it's black owned."  To which Mr. Dewberry responded "yes, it is black owned" and Mr. Faulkner in turn stated, "You People Are Always Trying To Use The RACE card."  For the record, there was no code violation and this was just another act of harassment.

- Mr. Dewberry noticed that a green utility box had been recently placed on the property of his business located at 3904 GA-HWY 42 without notifying him or obtaining his consent.  So on March 9, 2021, Mr. Dewberry contacted Mr. Gibbs (Community Development Director) by email to inquire about it.  Mr. Gibbs, by follow up email informed Mr. Dewberry that he did not know who placed the green utility box on Mr. Dewberry's property and informed Mr. Dewberry that he should look into the matter himself.  This unwillingness of Mr. Gibbs to address a matter that was clearly within his authority, followed by his condescending response is indicative of the treatment that Mr. Dewberry has experienced.  As a matter of course, a prerequisite to the digging and placement of the green utility box on the property was the requirement for the party who placed the box to have obtained the approval of the City of Locust Grove.  My client merely sought answers from the City, which he was entitled to, as to why and how the utility box was placed on his property without permission.

- Shortly thereafter, Mr. Gibbs also called and left a voicemail to inform Mr. Dewberry that he was going to receive another citation about customers parking on his property. He asserted that the Main Street Director, Ms. Anna Ogg had informed him that Mr. Dewberry was in violation. After Mr. Dewberry explained to Mr. Gibbs that the parking lot had been there for over 40 years and grass has grown in the lot which helps stop erosion of the parking lot, Mr. Gibbs explained that Ms. Anna Ogg was concerned that he had other business owners using his parking lot, which she did not approve of. Mr. Dewberry explained that he gave them permission to park there and it was not a violation.

- On March 22, 2021, Nail Heating contacted Ms. Anna Ogg (Historic Preservation Director Of Locust Grove) to inform her that Mr. Dewberry needed to replace the broken HVAC unit for the restaurant. Ms. Anna Ogg responded to confirm receipt of his email the same day, within less than four hours. However, it took until April 1, 2021 for Ms. Ogg to give approval for the installation and repair the unit. This was a 10 day delay and it cost Mr. Dewberry two weekends of full operation. According to Mr. Nail, it normally takes two days at the most to obtain permits, which led him to question Mr. Dewberry as to who it was that didn't like him at city hall? There was no reason for it to take this long to get a permit to replace an existing HVAC. Once the approval was obtained, it took Mr. Nail a week to order and install the unit. Those two weekends resulted in lost revenue of approximately $6,500.00.



Sent from my iPhone

Begin forwarded message:

**From:** Robin Faulkner <rfaulkner@locustgrove-ga.gov>
**Date:** December 6, 2017 at 12:16:19 PM EST
**To:** "jronny99@yahoo.com" <jronny99@yahoo.com>, Dale Hutchison
<dhutchison@co.henry.us>, Brenton Cochran <bcochran@co.henry.ga.us>, "Anna Williams"
<AOgg@locustgrove-ga.gov>, "jaime.kitchens@dph.ga.gov" <jaime.kitchens@dph.ga.gov>,
Bert Foster <BFoster@locustgrove-ga.gov>, Kimberly LeCroy <klecroy@locustgrove-ga.gov>,
"john.dewberry@bennettig.com" <john.dewberry@bennettig.com>
**Subject: Shorty's BBQ**

**To:**    **Capt D. Hutchinson, HCFD, Lt. Cochran, HCFD**

**Date:**   **Dec. 6, 2017**

**Re:**    **SITE VISIT- SHORTY'S BBQ**

---

*Please have a representative from your department attend this meeting.*

- **Date:**       **DEC. 8, 2017**

- **Time:**       **10:30 AM**

- **Project:**     **SHORTY'S BBQ**

- **Address:**    **3904 HWY. 42, LOCUST GROVE, GA(DOWNTOWN LG)**

- **Contractor: JOHN DEWBERRY**

- **Fire Department:**

- **Contractor Email:** JOHN.DEWBERRY@BENNETTIG.COM

**The meeting will be held at 3904 Hwy. 42, Locust Grove, GA 30248.**

Please contact me if you have any questions.

Thank you,



# CITY OF LOCUST GROVE

## HENRY COUNTY FIRE DEPARTMENT
### &
## CERTIFICATE OF OCCUPANCY

### *Community Development Department*

*This Certificate issued pursuant to the requirements of the International Building Code certifying that at the time of issuance this structure was in compliance with the various ordinances of the jurisdiction regulating building construction or use. To the best of the City of Locust Grove's knowledge and belief at the time of inspection, the structure has been erected in substantial compliance with the applicable Technical Codes. Any oversight by the City of Locust Grove building inspector shall not excuse violation of any ordinance of the City of Locust Grove.*

### *Office of the Fire Marshal*

*This Certificate of Occupancy certifies the building listed hereon complies with the minimum standards required by the Georgia Fire Safety and Accessibility Laws on the date issued. This Certificate of Occupancy shall run for the life of the building provided the internal or external features of the building are not materially altered, the type of occupancy remains unchanged or there has been no fire of serious consequence, or other hazard discovered.*

Business Name: _____ Locust Grove DUI & Defensive Driving School

Business Address: _____ 3904 Highway 42 South, Suite B, Locust Grove, Georgia 30248

Group: _____ Type Construction: _____ Zoning: _____ Occupancy Load: ___40___ Occupancy Classification: ___Business___

Owner of Business: _____ John Dewberry

Owner's Address: _____ P.O. Box 57 (1010 South Bethany Road) Locust Grove, Georgia 30248

Building Permit Number _____ Fire Dept. Occupancy File No. ___E-2272___

Issued by the City Building/ Approving Official
2-13-15

Issued by the Fire Marshal
*James W. Kelley*
March 12, 2015

Date Issued                          Date Issued

**MUST BE POSTED IN BUSINESS**



EXHIBIT
D

**Community Development Department**

P. O. Box 900
Locust Grove, Georgia 30248
Phone: (770) 957-5043
Facsimile: (770) 954-1223

## Transmittal Sheet

**To:** Capt. Dale Knuckian, HCFD
Ronnie Glazz, ICC

**From:** Bert Foster & Dennis Gibbs

**Date:** March 10, 2020

**Subject:** SHORTY'S BBQ STORAGE BUILDING PLANS 2nd Submittals
3904 Hwy 42 South

**Date Due:** March 31, 2020

**Date Returned:** 19 March 2019

✓ APPROVED
as noted
3/19/2020

_____ DENIED

**COMMENTS:** B.O. ✓



EXHIBIT
"F"

Notes:

1. Stairs - Chase All Risers on Square, Handrail on Both Sides of Stairs

Note: Landing will not be required due to warranthazard.

2. Electrical must be Submitted & Permitted Will be required to be ADA Compliant

Note: Landing will not be required due to warranthazard.

3. Exit Door Must have louvre Monitor

4. This is second occupancy - Any changes to code will require stairs to meet current code.

HENRY COUNTY FIRE DEPARTMENT
FIRE PREVENTION - APPROVED PLANS

Cleveland Street

Building(s) East Wall

Back of main Building A

Hwy 42 S. Locust Grove GA 30248

Suite "A"

Deck Landing 8x8  Ramp 36 inches wide 8 feet long

2nd Submittal

Sent from my iPhone

Begin forwarded message:

**From:** Robin Faulkner <rfaulkner@locustgrove-ga.gov>
**Date:** December 6, 2017 at 12:16:19 PM EST
**To:** "ironny99@yahoo.com" <ironny99@yahoo.com>, Dale Hutchison
<dhutchison@co.henry.ga.us>, Brenton Cochran <bcochran@co.henry.ga.us>, "Anna Williams"
<AOgg@locustgrove-ga.gov>, "jaime.kitchens@dph.ga.gov" <jaime.kitchens@dph.ga.gov>,
Bert Foster <BFoster@locustgrove-ga.gov>, Kimberly LeCroy <klecroy@locustgrove-ga.gov>,
"john.dewberry@bennettig.com" <john.dewberry@bennettig.com>
**Subject: Shorty's BBQ**


**To:**      **Capt D. Hutchinson, HCFD, Lt. Cochran, HCFD**

**Date:  Dec. 6, 2017**

**Re:      SITE VISIT- SHORTY'S BBQ**

---

### *Please have a representative from your department attend this meeting.*

- **Date:**        **DEC. 8, 2017**

- **Time:**        **10:30 AM**

- **Project:**      **SHORTY'S BBQ**

- **Address:**       **3904 HWY. 42,  LOCUST GROVE, GA(DOWNTOWN LG)**

- **Contractor:  JOHN DEWBERRY**

- **Fire Department:**

- **Contractor Email:  JOHN.DEWBERRY@BENNETTIG.COM**

**The meeting will be held at 3904 Hwy. 42, Locust Grove, GA  30248.**

Please contact me if you have any questions.

Thank you,

Ex 5

# CITY CODE ENFORCEMEN
## LOCUST GROVE, GEORGIA
# WARNING NOTIC
### COMMUNITY DEVELOPMENT DEPARTMEN
770-692-2322 or 770-692-2321

1780

DATE 2·23·21

TO Shari's BBQ a more

ADDRESS 3904 Hwy 42

Locust Grove, GA 30248

VIOLATIONS OF ORDINANCE _____ /CODE

ARTICLE 5.48.40 _____ SECTION

No Permit —

Cease + Stop All work
until Permit Has Been
Issued.

You are hereby notified to make the following corrections before
the 23 day of February 20 21

Stop All work until Permits Have
Been Issued For Remodeling of
Business outdoor.
Newberry, John —

OFFICER Brian S Fornal

Failure to make these corrections will subject you to a hearing before
the MUNICIPAL COURT OF LOCUST GROVE, GEORGIA.

SIGNATURE

WHITE: OFFENDER'S COPY / CANARY: DEPARTMENT'S COPY / PINK: OFFICER'S COPY



**BRIAN FORNAL**
Code Enforcement
City of Locust Grove

PO BOX 900
Locust Grove, GA 30248
404-623-7371
bfornal@locustgrove-ga.gov
locustgrove-ga.gov

Shara - 678-865-9617

**EXHIBIT**

" G "





Brian Douglas, GA PLS #3373
315 Burke Circle
McDonough, GA 30253
678.641.7633
Brian.douglas1212@gmail.com

July 13, 2023

Pastor John Dewberry
ceoministry@charter.net

Re:  Retracement Survey/Mark Property Lines

Pastor Dewberry:

On Thursday, June 22, 2023, we surveyed your property at 3904 Highway 42, Locust Grove, Georgia 30248, also being described as "Lots 10, 11, 12, 13 and 14 in Block B of the subdivision of the W.D. Grant Property". The parcel geometry is described in Deed Book 276, Page 180 of the Henry County Superior Court Clerk Records. In the course of the field survey, property corner monuments were recovered and measured, and the surrounding roadways were measured to establish the geometry of the city block. The measurements on site were found to comply with the geometry described in said deed and were marked as shown on the attached sketch. The property line adjacent to Cleveland Street was noted to have utility boxes installed on your property at the time of the field survey.

Sincerely,

Brian Douglas, GA PLS #3373















**From:** morganlawgroup@gmail.com <morganlawgroup@gmail.com>
**Sent:** Monday, April 25, 2022 5:45 PM
**To:** ceoministry@charter.net
**Subject:** FW: Question Regarding Permit Requirement

FYI.

**From:** Daunte Gibbs <dgibbs@locustgrove-ga.gov>
**Sent:** Monday, April 25, 2022 2:13 PM
**To:** morganlawgroup@gmail.com
**Cc:** Anna Ogg <AOgg@locustgrove-ga.gov>; Robin Faulkner <rfaulkner@locustgrove-ga.gov>; Bert Foster
<BFoster@locustgrove-ga.gov>; Tim Young <TYoung@locustgrove-ga.gov>; Ronnie Glaze
<ronnieinspections@gmail.com>; Brian Fornal <bfornal@locustgrove-ga.gov>
**Subject:** RE: Question Regarding Permit Requirement

Good news.  GDOT has informed the city that a permit has been obtained.  Thank you

**Daunté Gibbs**
**Director**
**Community Development Department**
**City of Locust Grove**
**P.O. Box 900**
**Locust Grove, GA  30248**
**770.957.5043 (MAIN)**
**770.692.2355 (DIRECT)**



**From:** Daunte Gibbs
**Sent:** Monday, April 25, 2022 11:21 AM
**To:** morganlawgroup@gmail.com
**Cc:** Anna Ogg <AOgg@locustgrove-ga.gov>; Robin Faulkner <rfaulkner@locustgrove-ga.gov>; Bert Foster
<BFoster@locustgrove-ga.gov>; Tim Young <TYoung@locustgrove-ga.gov>; Ronnie Glaze
<ronnieinspections@gmail.com>; Brian Fornal <bfornal@locustgrove-ga.gov>
**Subject:** RE: Question Regarding Permit Requirement

Good morning,

Just giving you a heads up regarding your client and the concrete work being done on site.  It appears
from the images below that the scope of work indicated in the attached schematic has exceeded into
the the GDOT right-of-way.  As a result, GDOT may be in contact with your client.



**EXHIBIT**
"J"





Thank you,

**Daunté Gibbs**
**Director**
**Community Development Department**
**City of Locust Grove**
**P.O. Box 900**
**Locust Grove, GA  30248**
**770.957.5043 (MAIN)**
**770.692.2355 (DIRECT)**



DOT-520

# DEPARTMENT OF TRANSPORTATION

## DIVISION NO. 3    APPROVAL DATE  2-10-2022

### PERMIT NO. FEB 22-02, Henry  COUNTY

PERMITTEE  J. Dewberry

CONTRACTOR

STATE INSPECTOR  Christine Batten

TELEPHONE  706-741-3574

☐ AERIAL

☐ UNDERGROUND

☒ OTHER

DISPLAY THIS WITHIN WORKING AREA SO AS TO BE VISIBLE FROM HIGHWAY

| INSPECTOR'S LOG | | | | | |
|---|---|---|---|---|---|
| INITIAL DATE | INITIAL DATE | INITIAL DATE | INITIAL DATE | INITIAL DATE | INITIAL DATE |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |



EXHIBIT
"K"



Ex 8